No. 2679.—E. FENDLER v. M. C. DAIGRE et al.

A jewelry merchant sold a lot of costly jewelry to Mrs. Daigre for the use of her daughter,. then a minor, for which she paid a portion of the price in cash and gave her individual note for the balance. Suit was brought against the maker of the note in her individual capacity and as tutrix of her minor daughter, whom, it was alleged, was the recipient of the jewelry. Judgment was rendered against her individually, and judgment of non-suit as tutrix. See 19 An. 190. After majority of the minor, this suit was brought against her, to recover the amount of the note, on the allegation that the jewelry was purchased for her use; that she had received it, and still possessed and owned it. The evidence given on trial failed to establish the fact that the jewelry was purchased for the daughter, or that she received it as her individual property. Hold—That the jewe.er could not recover the.price from the minor, nor could he recover the amount from the tutrix out of the minor's estate; that his only recourse was against the tutrix in her individual capacity.

APPEAL from the Fifth Judicial District, parish of East Baton Rouge. *Posey, J. Burgess & Chaney* and *Fuqua & Calliham*, for plaintiff and appellee. *Samuel P. Greeves* and *A. S. Herron*, for defendant and appellant.

TALIAFERRO, J. This suit is, to a great extent, the same in character and purpose with the one heretofore before this court, bearing the same title, and reported in 19 An. p. 190. The parties are the

same. Lucy Daigre, however, during the pendency of that suit being a minor, was subsequently emancipated by public act, and afterwards became the wife of J. C. Beard. The judgment first rendered against the plaintiff by the district court was changed by this court into one of nonsuit as to the heirs of Gilbert Daigre. He now renews the action. He alleges that in 1863 Mary C. Daigre, widow of Gilbert Daigre, and tutrix of her minor children, heirs of Gilbert Daigre, contracted with him a debt amounting to upwards of two thousand eight hundred dollars, of which one thousand dollars were paid, and for the remainder she executed her promissory note with interest. That this indebtedness grew out of a purchase of costly jewelry for her daughter Lucy, who received it and has worn it and appropriated it to her sole use. He avers that upon the death of Gilbert Daigre, his widow caused all the separate estate of her husband, which was of large amount, to be illegally adjudicated to her, together with the half of the community property falling to the minors in right of their father. That the account rendered by the tutrix of her tutorship was run up much above her real liability to the minors, in order to interpose their claims as a shield to protect her against the just demands of her creditors. He seeks to have the adjudication annulled and set aside, and to have the indebtedness of Mrs. Daigre reduced to its real amount, in order that her share of the succession may be shown to be of greater amount than that of her indebtedness to the heirs.

In the opinion of this court, rendered in the former case, the plaintiff failed to make out his allegation of fraud against the tutrix; and it was announced that, as the debt contracted by her with the plaintiff was contracted subsequent to the adjudication and the account he complains of, he would be precluded from showing their illegality, if it existed. We are inclined to concur with the judge a quo in assuming from the pleadings that the whole matter is, in substance, narrowed down to the simple question, whether Lucy Daigre, now Mrs. Beard, having, as is alleged, received and appropriated the jewelry to her own use, shall not be condemned by judgment to pay the plaintiff's demand, and we shall confine the investigation to that issue.

The parties defendants put in general denials. Judgment was rendered in the court a qua in favor of the plaintiff, and against the defendant, Lucy Daigre, for the amount claimed, and she prosecutes this appeal.

The testimony, to no small extent, is conflicting. The plaintiff swears that the jewelry was purchased in 1862 for Miss Lucy Daigre. That she came to him several times, requesting that he would speak to her mother to have a diamond necklace made for her. To this request, it seems, the plaintiff was not unwilling to accede, and, accordingly, that he did speak to Mrs. Daigre about it, which resulted in his receiv-

ing an order for a necklace not to exceed in price $2000. He says, also, that diamond rings were ordered for Miss Lucy, and that these were for her use as well as the necklace; that these articles were all received, a part of the price paid, and the note sued on given for the remainder.

Bauman, a witness for the plaintiff, states, in substance, about the same facts. He was, at the time these articles were furnished, a workman in the plaintiff's shop. Mrs. Pike says that she was with Mrs. Daigre one day when she went to Mr. Fendler's to order a necklace for Miss Lucy Daigre. That she remembered seeing the necklace only once, and that was at Mrs. Daigre's house on the day that the officers of the Federal gunboats walked through the streets of Baton Rouge. On this occasion Miss Lucy produced a stocking which, she said, contained her jewels, and took from it a necklace, which she placed around her neck, saying: "This is the necklace I purchased from Fendler." This witness heard several conversations, respecting the necklace, between Mrs. Daigre, Miss Lucy, and Miss Napp, the governess, at that time in Mrs. Daigre's house, and it was always spoken of as Miss Lucy's, and that it had been ordered for her; but did not recollect what Mrs. Daigre said on the subject. Miss Sheppers, the other lady who testified on the part of the plaintiff, knew nothing of the matter, except that on one occasion in 1862 Miss Lucy stopped at the house of witness' father, holding in her hand a morocco case, from which she took and exhibited to the witness a diamond necklace, which she said came from Mr. Fendler's store.

This testimony establishes that Lucy Daigre in 1862, then a girl about fourteen years of age, exhibited the diamond necklace on two occasions—once at her mother's house and once when she stopped at the house of Mr. Sheppers. On these occasions she called the necklace hers. The testimony, also, establishes that she was desirous to obtain it, and that her mother gave orders to plaintiff to furnish it at a cost not to exceed two thousand dollars. The plaintiff is the only witness who testifies to seeing the young lady wear the jewelry. The mother undoubtedly purchased the jewelry, and the evidence seems strong that she intended it for her daughter, but this is not entirely certain; for in her own testimony she swears positively that she bought the jewelry as a good investment, and that she afterwards sold it on her own account, and before the institution of the suit against her, for the price of it. This apparent buying for the daughter, whatever may have been her declarations at the time, that the purchase was for the daughter, may have taken place to gratify the whim of the girl, fostered and encouraged, as it was, by the jeweler. She may have deemed the jewels more likely to retain a permanent value than the currency then prevailing. There is nothing whatever showing that she bought them as tutrix or that the price was

to be charged against the minor.   On the contrary, it plainly appears that the plaintiff, at the time of the sale to Mrs. Daigre, looked alone to her for payment, and not at all to payment out of the means of the minor.   This fact is well established by the testimony of Baum, which he gave on the first trial, and it is corroborated by the plaintiff's taking the note of Mrs. Daigre in her individual capacity, and not as the representative of the minor.   Mrs. Daigre is undoubtedly bound for the payment of the note, and the plaintiff obtained judgment against her in the former suit.   See 19 An. 190.   But he now prays a judgment against Lucy Daigre, now of the age of majority, on the ground that she got the jewels, and had the use of them, and has them now in her possession, and that they constitute part of her fortune.   How does his proof sustain these allegations?   He propounded interrogatories to this defendant.   These were pointedly answered, disclaiming the purchase of the jewels being made for her, denying ever having had possession of them or of knowing what disposition was made of them.   The answers are not disproved by countervailing evidence.   The evidence, on the whole, fails to show any material fact sustaining the allegations now relied upon by the plaintiff as entitling him to recover against Lucy Daigre.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed.   It is further ordered that there be judgment in favor of the defendant, Lucy Daigre; the plaintiff and appellee paying costs in both courts.

Rehearing refused.